UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RIMA JONES,                                                                                 Plaintiff,

v.                                                                 Civil Action No. 3:17-cv-580-DJH

AMBER *et al.*,                                                    Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Rima Jones filed a *pro se* complaint alleging employment discrimination and retaliation while employed at Wal Mart based on her national origin and religion in violation of Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act (KCRA); based on her disability in violation of the Americans with Disabilities Act (ADA); and based on her age in violation of the Age Discrimination in Employment Act (ADEA). She also alleges criminal conduct by some of the Defendants. Plaintiff included her right-to-sue letter issued by the Equal Employment Opportunity Commission.

Because Plaintiff is proceeding *in forma pauperis*, this Court is required to screen the complaint in accordance with 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons stated herein, the Court will allow Plaintiff's discrimination and retaliation claims to proceed against Defendant Wal Mart and dismiss her claims against the other Defendants.

**I.**

Plaintiff filed an original complaint on her own paper (Docket No. 1). Plaintiff listed the Defendant as "Wal Mart et al." in the caption of the complaint. The Court entered an Order directing Plaintiff to file an amended complaint on the Court-approved form for an employment discrimination claim (DN 5). That Order provided that the amended complaint would supersede

the original, handwritten complaint. Plaintiff then filed an amended complaint on the Court-approved form (DN 6). The amended complaint lists as Defendants the following four individuals who are employees of a Wal Mart store located in Louisville, Kentucky: Amber Weigand, identified by Plaintiff as a Manager Trainee; Wesley McCarty, identified as a Manager Trainee; Joanna Gilley, identified as a Store Manager; and Beverly Salazar, for whom Plaintiff lists her job title as "Unknown."

Because of discrepancies in the way Plaintiff wrote her first and last name in the amended complaint, the Court entered an Order directing Plaintiff to modify the amended complaint's caption and signature page to reflect her full and correct name (DN 7). Plaintiff then filed another amended complaint (DN 9). Upon review of this amended complaint (DN 9), the Court concludes that the filing is a photocopy of the amended complaint. To clarify the docket sheet, the **Clerk of Court is DIRECTED to modify** the docket sheet to reflect that the amended complaint docketed at DN 9 is a photocopy of the amended complaint.

Plaintiff next filed another amended complaint, which is comprised of only the first two pages of the Court-approved form for filing a complaint for a civil case (DN 10). The form lists the Defendant in the caption as "Wal Mart, et al." The Court construes the filing as a motion for leave to amend to add Wal Mart as a Defendant to this action. Nothing that Plaintiff named Wal Mart as a Defendant in her original, handwritten complaint, **IT IS ORDERED** that the motion for leave to amend the complaint (DN 10) is **GRANTED**. The **Clerk of Court is DIRECTED to re-docket** the amended complaint docketed at DN 10 as the second amended complaint.

In addition, the docket sheet lists "Amber at Deli" and "Security Guy" as Defendants. Defendant Amber Weigand is presumably the same person as "Amber at Deli." Plaintiff did not list "Security Guy" as a Defendant in the amended or second amended complaint. Therefore, the

**Clerk of Court is DIRECTED to terminate** "Amber at Deli" and "Security Guy" as parties to this action.

## II.

According to the amended complaint and attachments, Plaintiff was employed by Wal Mart as a cashier from April 26, 2016, to March 4, 2017. She alleges that she was subjected to discrimination and harassment by supervisors and other employees and that she was terminated in retaliation for complaining about such conduct. In addition to her allegations of discrimination, Plaintiff states as Count VII of her action,

> CRIMINAL THREATS, THREATS OF VIOLENCE AGAINST AN INDIVIDUAL, THREATEN DEATH OF BODILY HARM, PHYSICAL THREAT, INTENTIONALLY PLACE ANOTHER PERSON IN FEAR OF IMMINENT SERIOUS PHYSICAL INJURY, THREATENS TO COMMIT ANY CRIME OF VIOLENCE WITH THE INTENT TO TERRORIZE ANOTHER AND WITH RECKLESS DISREGARDS OF THE RISK OF CAUSING TERROR/INCONVENIENCE.

She alleges that Defendant Salazar, her co-worker, "threaten[ed] to commit a crime of violence upon Plaintiff with intent to terrorize Plaintiff." As Count VIII of the complaint, she alleges that Defendant Weigand engaged in money laundering.

## III.

Upon review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

**Upon review of the amended and second amended complaints, the Court will allow Plaintiff's employment discrimination and retaliation claims under Title VII, the KCRA, the ADA, and the ADEA to proceed against Defendant Wal Mart.**

However, Plaintiff's claims against Defendants Weigand, McCarty, Gilley, and Salazar must be dismissed. "Title VII provides that 'it shall be an unlawful employment practice for an *employer*' to discriminate on the basis of race, color, religion, sex, or national origin. A person aggrieved by such discrimination may bring a civil action against the '*employer*.'" *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) (citing 42 U.S.C. §§ 2000e-2(a), 2000e-5(b)) (emphasis added). "[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Id.* Because the KCRA mirrors Title VII, the Sixth Circuit found its holding to be "equally applicable" to the KCRA. *Id.* This principle has also been applied in the ADA context, as well. *See Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999) ("Individual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases."). Moreover, the *Wathen* "decision has been extended to the ADEA[.]" *Richardson v. CVS Corp.*, 207 F. Supp. 2d 733, 743 (E.D. Tenn. 2001); *Wilding v. Thompson*, No. 3:12-CV-

4

00774-CRS, 2014 U.S. Dist. LEXIS 6075, at *9 (W.D. Ky. Jan. 17, 2014) ("Thompson, as an individual employed by the Kentucky Department of Corrections, cannot be individually liable under the ADEA because the Sixth Circuit has interpreted the ADEA to preclude suits against individuals.").

None of the facts alleged in the complaint, even liberally construed, suggest that Defendants Weigand, McCarty, Gilley, or Salazar are "employers" as contemplated under Title VII. Therefore, Plaintiff's Title VII, KCRA, ADA, and ADEA claims against Defendants Weigand, McCarty, Gilley, and Salazar must be dismissed for failure to state a claim upon which relief may be granted.

Finally, Plaintiff alleges that some Defendants engaged in criminal activity, *i.e.*, making threats of violence against her and engaging in money laundering. However, Plaintiff cannot bring criminal charges against any Defendant in the context of this civil action. The "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). Moreover, to the extent Plaintiff seeks civil remedies for any criminal violation, she has not cited any statute which gives rise to a private civil cause of action. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Leach v. Manning*, 105 F. Supp. 2d 707, 717 (E.D. Mich. 2000). Accordingly, Plaintiff's claims alleging criminal conduct must be dismissed for failure to state a claim upon which relief may be granted.

**III.**

For the foregoing reasons, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against Defendants Weigand, McCarty, Gilley, and Salazar and all claims alleging criminal conduct are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may granted.

The Clerk of Court is **DIRECTED to terminate** Defendants Weigand, McCarty, Gilley, and Salazar as parties to this action.

The Court will enter a separate Order directing service on Defendant Wal Mart.

Date: April 23, 2018

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4415.010